UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK OF AMERICA, N.A.,
a national banking association,

    Plaintiff,

v.   Case No. 8:10-CV-2637-T-27EAJ

RICHARD J. FABRIZI, JR.,
an individual, and TV MARINA
MANAGEMENT, LLC, a Florida
limited liability company,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is Plaintiff's Motion for Summary Judgment (Dkt. 11). Defendants have indicated that they "have no sworn affidavits, deposition transcripts, interrogatory answers or admissions to submit in opposition to Plaintiff's Motion for Summary Judgment." *See* Response to Order on Summary Judgment (Dkt. 16), ¶ 1. The Court having considered the memoranda submitted by the parties and reviewed the authorities cited by the parties, it is hereby:

**THE FINDINGS OF THIS COURT** that:

1.    On March 28, 2011, the Plaintiff duly served on Defendant TV Marina Management, LLC ("TV Marina") the Plaintiff's First Request for Admissions to Defendant TV Marina Management, LLC. *See* Motion (Dkt. 11), Exhibit A.

2.      On March 28, 2011, the Plaintiff duly served on Defendant Richard J. Fabrizi, Jr. ("Mr. Fabrizi") the Plaintiff's First Request for Admissions to Defendant Richard J. Fabrizi, Jr. *See* Motion (Dkt. 11), Exhibit A.

3.      The Defendants having failed to respond to the Plaintiff's requests for admissions, pursuant to Rule 36, Federal Rules of Civil Procedure, the matters therein are deemed admitted and conclusively established.

4.      Neither of the Defendants have brought a motion before this Court to withdraw or amend their admissions.

5.      Accordingly, the Court finds it to be conclusively established that:

(a) The Plaintiff and Tierra Verde Marina Holdings, LLC (the "Borrower") entered into the ISDA Master Agreement and the Schedule to the Master Agreement (collectively, the "Master Agreement"). *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

(b) Pursuant to the terms of the Guaranty of Payment executed by Mr. Fabrizi in favor of the Plaintiff, Mr. Fabrizi guaranteed payment to the Plaintiff of all obligations of the Borrower under the Master Agreement. *See, e.g,* Motion (Dkt. 11), Exhibits B and C.

(c) Pursuant to the terms of the Guaranty of Payment executed by TV Marina in favor of the Plaintiff, TV Marina guaranteed payment to Bank of America of all obligations of the Borrower under the Master Agreement. *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

(d) Pursuant to the terms of the Master Agreement and the guaranties, Plaintiff and the Borrower entered into an interest rate swap transaction (the

"Transaction"), under which the Borrower was required to make certain payments to the Plaintiff. *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

(e) The Borrower having defaulted on payments due to the Plaintiff under the Master Agreement, the Defendants, pursuant to the guaranties, are liable to the Plaintiff for the principal amount due under the Master Agreement and the Transaction, plus all accrued, unpaid interest on such amount. *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

(f) The principal amount due under the Master Agreement and the Transaction was $940,524.33 as of the date of the filing of the Complaint. Pursuant to the terms of the Master Agreement and the Transaction, such amount continued to accrue interest at the rate at the rate of 5.05% per annum. *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

(g) Pursuant to the guaranties, the Plaintiff is entitled to recover from the Defendants all attorney's fees and costs the Plaintiff incurred in this action. *See, e.g.,* Motion (Dkt. 11), Exhibits B and C.

6. For these reasons, the Court finds that there is no genuine issue of material fact with respect to the Plaintiff's claims and the Plaintiff is entitled to judgment as a matter of law on its each of its claims against the Defendants.

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) Plaintiff's Motion for Summary Judgment (Dkt. 11) is **GRANTED**. The Court will enter a separate judgment in favor of Plaintiff and against Defendants in the amount of $940,524.33, plus interest at the rate of 5.05% from the date of the filing of the Complaint to the

date of the Final Judgment, plus costs and reasonable attorneys' fees. The Court reserves jurisdiction to determine the amount of attorneys' fees to award.

(2)     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 19th day of August, 2011.

                                                        *[signature]*
                                                  **JAMES D. WHITTEMORE**
                                                  **United States District Judge**

Copies to:

Mark A. Basurto, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL  33601-3913

Thomas C. Little, Esq.
Thomas C. Little, P.A.
2123 N.E. Coachman Road, Suite A
Clearwater, FL 33765